## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **RECONSIDERATION AND DEEMING** |
| v. | ) | **MOTION FOR HEARING MOOT** |
| | ) | |
| Kornelius Deion Nelson, | ) | Case No.: 1:23-cr-00060 |
| | ) | |
| Defendant. | ) | |

In March 2025, Defendant was conditionally released to the Prairie Recovery Center. (Doc. Nos. 159, 160). On May 6, 2025, Defendant was permitted to transition to Blessed Builders upon discharge from Prairie Recovery Center. (Doc. No. 174). On October 28, 2025, Pretrial Services notified the Court that Defendant had been discharged from Blessed Builders and was directed to surrender to the United States Marshal by 5:00 PM on October 28, 2025. On October 29, 2025, the United States Marshal advised Defendant had surrendered as directed.

On October 29, 2025, Defendant filed a Motion for Release from Custody to reside at Tied for Second Sober Living in Bismarck, North Dakota. (Doc. No. 178). The same day, the United States filed a response in opposition to Defendant's motion. (Doc. No. 179). On October 30, 2025, the Court issued an order denying Defendant's motion. (Doc. No. 180).

On November 4, 2025, Defendant filed a *Motion for Reconsideration* and *Motion for Hearing*. (Doc. Nos. 183, 185). Therein, Defendant requested the Court reconsider its Order denying Defendant's Motion for Release, and if necessary, schedule a hearing on the motion. In support of his motion, Defendant asserts that no evidence has been provided to defense counsel as to a secret cellphone or images of Defendant with large sums of cash as alleged by the United States in its prior response. Defendant also denied having a "secret" cellphone and maintains the

cellphone he possessed was permissible under Blessed Builders' rules and further notes that the cash portrayed in the alleged photo was not obtained illegally, but rather was the result of his employment and a cashed check.

Moreover, Defendant advises that additional information has become available which warrants reconsideration. Specifically, Defendant's employers at Applebee's and Buffalo Wild Wings have provided letters of support indicating that Defendant remains employed upon release, is reliable, has a strong work ethic, and is a valued member of the team at both places of employment. Defendant further contends he has shown substantial improvement since first being detained in Michigan, as the incidents previously cited by the United States occurred while he was in "the active throes of addiction," and since being detained in the District of North Dakota and while on pretrial release, he has taken steps toward rehabilitation, including engaging in drug treatment, maintaining steady employment, pursuing his GED, working on his mental and emotional health, maintaining consistent and cooperative communication with his counsel, and turning himself in upon discharge from Blessed Builders.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

Here, the Court is inclined to find the employer letters constitute new and material information sufficient to reopen and revisit the issue of release or detention. While the Court remains concerned with Defendant's ability to comply with court imposed conditions based on his past violations, failure to comply with Blessed Builders' rules, and discovery of an unreported and undisclosed cellphone and corresponding images, the Court is persuaded by the employers'

characterization of Defendant as a hardworking, reliable, and exemplary employee who is a valuable member of both the Applebee's and Buffalo Wild Wings teams. The Court finds there are conditions available that will reasonably assure Defendant's sober appearance at future proceedings and the safety of Defendant and of the community were he released into it. Accordingly, the Court **GRANTS** Defendant's *Motion for Reconsideration* (Doc. No. 183) and deems **MOOT** the *Motion for Hearing* (Doc. No. 185).

Defendant shall be released no earlier than 9:00 AM on November 6, 2025, to a representative of Tied for Second Sober Living for immediate transport to Tied for Second Sober Living. Defendant's release shall be subject to the following conditions:

1) Defendant must not violate federal, state, tribal, or local law while on release.

2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer. Defendant shall report to Pretrial Officer Skylar Soupir at 701-530-2416 within 24 hours of release.

4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

5) Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; any use of medical marijuana; and any use of inhalants. Defendant shall submit to drug/alcohol screening or participate in a remote alcohol testing program using continuous electronic alcohol testing at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or

tampering with the collection process or specimen may be considered the same as a positive test result.

6)  Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

7)  Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

8)  Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

9)  Defendant shall reside at tied for Second Sober Living and shall participate in the center's programs and abide by its rules and regulations.

10) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Tied for Second Sober Living OR to communicate with Tied for Second Sober Living about Defendant's progress there.

Any overnight passes from Tied for Second Sober Living must be approved by the Pretrial Services Officer.

While residing at Tied for Second Sober Living, Defendant must seek and maintain employment. Employment must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Tied for Second Sober Living, Defendant must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated transition from Tied for Second Sober Living to another residence, Defendant must advise the Pretrial Services Officer of the anticipated transition date so that the Court can review Defendant's release status.

11) Defendant shall submit Defendant's person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition. The Pretrial Services Officer may conduct a search under this condition only when reasonable suspicion exists that the Defendant has violated a condition of release and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

12) Defendant shall maintain and actively seek employment. Employment must be approved by the Pretrial Services Officer.

13) Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

14) Defendant shall not obtain a passport and other foreign travel document(s).

15) Defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant is unable to be transported as anticipated on November 6, 2025, Defendant shall remain in custody pending further order of the court.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2025.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court